# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **GARY KOMPTON WILSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00216 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **WARDEN, USP LEE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Gary Kompton Wilson, Pro Se Petitioner.*

The petitioner, proceeding pro se, has filed a pleading, using a form designed to assist inmates in formulating a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. I find that his petition must be summarily dismissed.

On February 24, 2005, Petitioner Gary Kompton Wilson and others were charged in a superseding indictment in the United States District Court for the Southern District of Florida with drug related charges and conspiracy to commit robbery and extortion in violation of the Hobbs Act, 18 U.S.C. § 1951(a). A jury found Wilson guilty on Counts 1, 2, and 3 in July 2005. The court enhanced Wilson's sentence under 21 U.S.C. § 851, based on prior convictions, and imposed a mandatory term of life imprisonment. Wilson's direct appeal and his motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 were unsuccessful. Now Wilson brings claims under § 2241, contending he should be resentenced,

because his federal criminal sentence as enhanced under § 851 is unlawful under *United States v. Descamps*, 570 U.S. 254 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), (recognizing limited circumstances when petitioner may bring § 2241 challenge to federal sentence as imposed), *cert. denied*, 139 S. Ct. 1318 (2019).

A federal prisoner bringing a claim for relief from an allegedly illegal sentence must normally do so in a § 2255 motion in the sentencing court. Section 2255(e) provides that a § 2241 habeas petition raising such a claim "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*." 28 U.S.C. § 2255(e) (emphasis added). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy inadequate or ineffective. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *Cradle v. United States*, 290 F.3d 536, 538-39 (3d Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant

relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.").[1]

Many circuit courts of appeals, including the Fourth Circuit, have held that the last phrase in § 2255(e), known as the savings clause, is jurisdictional. *Wheeler*, 886 F.3d at 424-25 (citing *Williams v. Warden*, 713 F.3d 1332 (11th Cir. 2013)). In other words, the savings clause "commands the district court not to entertain a § 2241 petition that raises a claim ordinarily cognizable in the petitioner's first § 2255 motion except in . . . exceptional circumstance[s]." *Id.* at 425. In this circuit, the remedy in § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429. Thus, unless Wilson demonstrates that the circumstances of his case satisfy the four-part test in *Wheeler* so that the savings clause applies to permit his sentence challenge under *Descamps* and *Mathis* in a § 2241 petition, this court has no power to act on that claim. *Id.*

---

[1] The court has omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

Wilson fails to demonstrate that this court has jurisdiction under *Wheeler* to revisit his federal sentence in a § 2241 petition.

> *Descamps* and [the related decision in] *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements. *See Mathis*, 136 S. Ct. at 2257 ("Our precedents make this a straightforward case."); *Descamps*, 570 U.S. at 260, 133 S. Ct. 2276 (noting that Court's prior case law explaining categorical approach "all but resolves this case"); *United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) ("In *Descamps*, the Supreme Court recently clarified whe[n] courts may apply the modified categorical approach").

*Brooks v. Bragg*, 735 F. App'x 108, 109 (4th Cir. 2018) (unpublished). Because Wilson's § 2241 petition does not rely on a retroactively applicable change in substantive law subsequent to his direct appeal and first § 2255 motion, he cannot satisfy the requirements of *Wheeler* to bring his petition under § 2241 through the savings clause in § 2255(e). Accordingly, I am without jurisdiction to address his claim under § 2241 and will summarily dismiss his petition.

A separate Final Order will be entered herewith.

DATED: August 25, 2020

/s/ JAMES P. JONES
United States District Judge